```
 1  Mark E. Ellis - 127159
    ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
 2  555 University Avenue, Suite 200 East
    Sacramento, CA 95825
 3  Tel: (916) 283-8820
    Fax: (916) 283-8821
 4
    Attorneys for Defendant
 5  ASTRA BUSINESS SYSTEMS, INC.
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER,<br><br>   Plaintiff,<br><br>v.<br><br>ASTRA BUSINESS SYSTEMS, INC.,<br><br>   Defendant. | Case No.: 07-CV-02091 H JMA<br><br>**DEFENDANT ASTRA BUSINESS SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>*JURY TRIAL DEMANDED* |

Defendant ASTRA BUSINESS SERVICES, INC. hereby responds to plaintiff's complaint as follows:

1. As to paragraph one, Defendant lacks information or belief to admit or deny this allegation.

2. As to paragraph two, Defendant admits this allegation.

3. As to paragraph three, Defendant denies this allegation.

4. As to paragraph four, Defendants deny each and every allegation therein.

5. As to paragraph five, Defendant denies the allegations contained therein repeated from paragraphs 1, 3, and 4. Defendant admits the allegation contained therein repeated from paragraph 2.

6. As to paragraph six, Defendant admits this allegation.

7. As to paragraph seven, Defendant denies this allegation, as Plaintiff's allegation does

not account for the various exemptions contained in 47 U.S.C. §227 (the Telephone Consumer Protection Act of 1991 or "TCPA") that affect the operation of subdivision (b)(1)(A)(iii) of the TCPA.

8. As to paragraph eight, Defendant lacks information or belief to admit or deny the allegations contained therein.

9. As to paragraph nine, Plaintiff's quotation appears to be accurately stated.

10. As to paragraph ten, Defendant lacks information or belief to admit or deny this allegation.

11. As to paragraph 11, Defendant admits that subdivision (b)(3) of §227 provides for a private right of action in state court for violations of 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.200(b)(1). Defendant denies that Plaintiff is entitled to damages.

12. Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

13. Defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

14. Defendant alleges that the Complaint and each cause of action therein, are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

15. Defendant alleges that Plaintiff himself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

16. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages,

then the damages alleged against these Defendants should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

17. Defendant alleges that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

18. Defendant alleges that all of its actions were taken in good faith, in reliance upon information provided by its client and others, and with a reasonable belief that such actions were legal, appropriate and necessary.

### SEVENTH AFFIRMATIVE DEFENSE

19. Defendant alleges any claimed violation of the TCPA was unintentional and resulted despite the existence of procedures reasonably adopted to avoid any such violation.

### EIGHTH AFFIRMATIVE DEFENSE

20. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the privilege embodied either in Civil Code § 47(c), or arising under federal and state common law.

### NINTH AFFIRMATIVE DEFENSE

21. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

22. Defendant alleges that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

### ELEVENTH AFFIRMATIVE DEFENSE

23. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of estoppel and/or waiver.

### TWELFTH AFFIRMATIVE DEFENSE

24. Defendant alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

25.  Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

## FOURTEENTH AFFIRMATIVE DEFENSE

26.  Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Defendants pray for:

1. That Plaintiff takes nothing from the answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For attorney's fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: November 7, 2007

Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By  /s/ Mark E. Ellis
Mark E. Ellis
Attorney for Defendant(s)
ASTRA BUSINESS SYSTEMS, INC.